**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **ROBIN ROMP; IZHAR AHMAD**<br><br>        **Plaintiffs,**<br><br>**vs.**<br><br>**Attorney General of the United States, PAMELA BONDI; U.S. Department of Homeland Security Secretary, KRISTI NOEM; USCIS Director, JENNIFER B. HIGGINS; Director of the Federal Bureau of Investigations ("FBI") BRIAN DRISCOLL; United States Department of State ("DOS") Secretary MARCO RUBIO;**<br><br>        **Defendants.** | **CIVIL NO.: 4:25-cv-85**<br><br><br><br>**PLAINTIFFS' PETITION FOR WRIT OF MANDAMUS** |

## I.    INTRODUCTION

1.      Plaintiffs Robin Romp and Izhar Ahmad seek an order from this honorable Court ordering the Defendants to adjudicate Izhar's visa, as he is the beneficiary of an approved by the I-130 petition and otherwise eligible for the visa in all respects.

## II.    JURISDICTION AND VENUE

2.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1361 (to compel an officer, employee or agency of the United States to perform a duty owed to plaintiff); 28 U.S.C. § 1346(a)(2) (a civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department); 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 704 and 706, the Administrative Procedure Act (no other adequate remedy and to compel agency action unlawfully withheld or unreasonably delayed); and 5 U.S.C. § 504, the Equal Access to Justice Act.

1

3.     Specifically, the Supreme Court has found that 28 USC § 1331 serves as the jurisdictional basis for federal courts "to review agency action." *Califano v. Sanders*, 430 U.S. 99, 105 (1977); *see also Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988) ("[I]t is common ground that if review is proper under the APA, the District Court has jurisdiction under 28 USC § 1331"). Courts of Appeals uniformly agree that 28 USC § 1331 is the jurisdictional basis for a suit to review agency action under the APA. *See, e.g., Ana International Inc. v. Way*, 393 F.3d 886, 890 (9th Cir. 2004) (finding that this rule applies in the immigration context); *Yeboah v. U.S. DOJ*, 345 F.3d 216, 220 (3d Cir. 2003) (SIJS visa case); *Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir. 1999) (immigrant visa case); *Sigman Coal Co. v. Apfel*, 226 F.3d 291, 301 (4th Cir. 2000); *Dixie Fuel Co. v. Comm'r of Social Security*, 171 F.3d 1052, 1057 (6th Cir. 1998); *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006).

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) as Plaintiff Robin Romp resides in the United States District Court for the Southern District of Iowa and a substantial part of the events or omissions giving rise to the claim occurred within the district.

### III.    PARTIES

5.     Plaintiff Robin Romp ("Robin") is a citizen of the United States. She resides in Osceola, Iowa, in the Southern District of Iowa. Plaintiff Izhar Ahmad ("Izhar") is Robin's husband and the beneficiary of Robin's approved I-130F petition on his behalf. Izhar is a citizen of Pakistan with legal residence established in Oman.

6.     Defendant United States Citizenship and Immigration Services ("USCIS") is an agency of the United States Department of Homeland Security ("DHS"). USCIS implements procedures and promulgates rules by which aliens are naturalized in the United States. USCIS is responsible for adjudicating all applications and petitions for immigration benefits, including I-

130 petitions for an alien relatives. USCIS then coordinates with the National Visa Center (NVC) and consular offices to issue visas for aliens residing abroad.

7.     Defendant Pamela Bondi, Attorney General of the United States is sued in her official capacity.

8.     Defendant Kristi Noem is the Secretary of the United States Department of Homeland Security. She heads the agency responsible for implementing the Immigration and Nationality Act. Defendant Noem is sued in his official capacity.

9.     Defendant Jennifer Higgins is the Director of USCIS. She directs the agency responsible for the adjudication and petitions for immigration benefits, including I-129F petitions for an alien fiancée. Defendant Higgins is sued in her official capacity.

10.     Defendant Brian Driscoll is the Director of the FBI. The FBI is responsible for approving background checks and clearances that are necessary for the issuance of visas to enter the United States. Defendant Driscoll is sued in his official capacity.

11.     Defendant Marco Rubio is the Director of the Department of State (DOS). The DOS is responsible for foreign affairs, including visa issuance. Defendant Rubio is sued in his official capacity.

### IV.     STATEMENT OF FACTS

12.     Plaintiff Robin is a United States Citizen by birth.

13.     Prior to March 15, 2021, Robin met and fell in love with Izhar. Robin and Izhar married with an intent to reside together in the United States.

14.     On March 15, 2021, Robin filed an I-130 petition on Izhar's behalf.

15.    The I-130 petition was approved by USCIS on November 19, 2021, establishing Izhar's eligibility to apply to enter the United States as the beneficiary of an approved I-130 petition.

16.    Izhar then completed a DS-160 application with the National Visa Center and requested a visa interview.

17.    Izhar was interviewed by a consular official at the United States Embassy in Muscat, Oman, on December 26, 2023, under the IR1 category.

18.    Izhar was informed that his case would undergo administrative proceedings.

19.    Izhar was asked to complete form DS-5535, which requested detailed employment and residence history.

20.    Izhar returned a properly completed form DS-5535 to the consular official within one week.

21.    Izhar is eligible for an immigrant visa to the United States as Robin's spouse. He is a person of good moral character, with no criminal history, and unlikely to become a public charge. Their marriage is in good faith.

22.    To this date, Izhar and Robin have not received word that Izhar's visa application about the status of the administrative proceedings.

23.    Izhar and Robin have submitted multiple inquiries regarding the status of the visa applications with no answer.

24.    This delay is unreasonable.

25.    The delay in the adjudication of the DS-160s delays Izhar's admission to the United States and therefore the Plaintiffs' life as a cohabiting married couple.

26.    The delays have caused Izhar and Robin significant harm financial and psychological harm. Specifically, Robin lives alone with her children (Izhar's stepchildren). She works full time and has limited support from her husband who cannot come to the United States to assist her. Robin has experienced physical symptoms related to extreme stress, some of which have driven her to the emergency room for medical treatment.

### V.    CLAIMS FOR RELIEF

### COUNT 1
### ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. §§ 551, 555(b), 702, 706 *et. seq.*) in conjunction with THE MANDAMUS ACT (28 U.S.C. § 1361)

21.    Plaintiffs incorporate all previous paragraphs of this Complaint by reference.

22.    5 U.S.C. § 706 states:

Scope of review - To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall…(2) hold unlawful and set aside agency action, findings, and conclusions found to be-

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

23.    USCIS, DHS, FBI, and DOS have failed to adjudicate Izhar's application without unreasonable delay.

24.    This delay of over 2 years is unreasonable.

25.    The unreasonable delay in adjudicating Plaintiffs' application has resulted in Plaintiffs being stuck in limbo and has caused an extreme hardship on Plaintiffs.

26.    USCIS, DHS, FBI, and DOS are required to decide the application by Plaintiffs within a reasonable time.

27.     Defendants' delay in deciding Plaintiffs' applications impacts human health and welfare, not merely economic interests, as Plaintiff Izhar is being denied the opportunity to obtain lawful status in the United States and to plan for his and Robin's futures. Robin is being deprived of the opportunity to start her life with her husband and future children in the United States. Robin is deprived of the support of the person she loves.

28.     Plaintiffs have no alternative remedy available.

29.     Plaintiffs have and continue to suffer irreparable harm from Defendant's delay in adjudicating their applications.

30.     Plaintiffs therefore request this honorable Court order Defendants to adjudicate Izhar's DS-160s.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court assume jurisdiction over this matter, set the matter hearing, and order Defendants to adjudicate their applications. Plaintiffs further request that this Honorable Court award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act and grant any and all further relief this Court deems just and equitable under the circumstances.

**PARRISH KRUIDENIER LLP**

BY: _____ */s/ Jessica Donels* _____
Jessica Donels                          AT0013389
2910 Grand Avenue
Des Moines, Iowa 50312
(515) 284-5737
(515) 284-1704 (Fax)
jdonels@parrishlaw.com
**ATTORNEY FOR PLAINTIFFS**

Electronically filed 3/7/2025